**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DANIEL CHARLES** | : | **CIVIL ACTION** |
| v. | : | |
| **TROY LEVI, et. al.** | : | **NO. 07-cv-4521** |

## MEMORANDUM AND ORDER

Petitioner filed a petition in this court on October 29, 2007, which this court construed as filed pursuant to 28 U.S.C. §2241 petition, as there was no other way to construe it for purpose of case opening in this court's Clerk's Office.   The argument here is that Public Law No. 80-772 was allegedly not enacted in a constitutional manner.  Public Law No. 80-772 is the law that bestowed jurisdiction over alleged violations of federal crimes on the federal district courts.

Federal courts are courts of limited jurisdiction, and Congress has conferred criminal jurisdiction upon federal district courts by means of 18 U.S.C. §3231, which states in its entirety:

> "The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States.  Nothing in this title shall be held to take away or impair the jurisdiction of the courts of the several States under the laws thereof."

18 U.S.C. §3231 was enacted into law by Congress on June 25, 1948 by means of Public Law Number 80-772.  18 U.S.C. §3231 has never been amended, and exists today in the exact same form that it existed in on June 25, 1948, and with the exact same words.

Petitioner claims that there was allegedly a *sine die* recess between the adoption of Public Law 80-772 by the House of Representatives and the adoption of Public Law 80-772 by the Senate, in violation of the United States Constitution.  Various prisoners have

1

made variations on this central argument, such as that the Speaker of the House and the President of the Senate allegedly met in one of their private offices during this alleged *sine die* recess and signed Public Law 80-772 into law without approval from their respective Houses, with the intent on their part to be deceptive.  There are also variations on this central argument stating that the versions of Public Law 80-772 adopted by the Senate and the House of Representatives were allegedly not completely identical, and that therefore the statute was enacted in an unconstitutional manner; there are also variations on this argument stating that Congress's record-keeping concerning the events of June 25, 1948 was allegedly unclear and confusing, leading many prisoners to allege that something deceptive happened in Congress that day.  Drawing upon these allegations, the argument is made that Public Law 80-772 was not enacted in a constitutional manner, and that therefore, every federal criminal conviction and/or sentence imposed by any federal court since June 25, 1948 is allegedly unconstitutional.

All of these aforesaid allegations concerning the adoption of Public Law 80-772 are simply untrue.  United States v. Risquet, 426 F.Supp. 2d 310 (E.D. Pa. April 5, 2006)(Katz, J.).

The simple fact is that there was no *sine die* recess between the votes of the two Houses; rather, there was a simple inter-session adjournment between these events.  The argument that Public Law 80-772 was adopted by Congress in an unconstitutional manner, and that the Speaker of the House and the President of the Senate were trying to trick or deceive the American people, is simply not the truth.  United States v. Williams, 2007 WL 38080 (D. Kansas 2007); Lister v. United States, 2006 WL 3751324 (N.D. Tx  2006); Cullum v. Fox, 2006 WL 3691170 (E.D. Tx 2006); Martinez v. Gonzalez, 2006 WL 2982856 (M.D. Fla 2006); United States v. Lawrence, 2006 WL 250702 (N.D. Ill. 2006); Delreth v. United States, 2006 WL 1804618 (S.D. Tx 2006).

The United States District Court for the Eastern District of Kentucky has somehow

traced the genesis of this untrue story to a letter written by a Congressional clerk named Jeff Trandhal on June 28, 2000 to a member of the public.  The Eastern District of Kentucky has not discussed the context of Mr. Trandhal's letter, except to say that it concentrated on an allegedly unusual pattern of Congressional adjournments in June 1948; this letter led to this rumor, which has spread like wildfire to prisoners throughout the entire country.  Mullican v. Stine, 2007 WL 1193534 (E.D. Ky 2007); Campbell v. Gonzalez, 2007 WL 1035021 (E.D. Ky 2007); Goncalves v. Gonzalez, 2007 WL 628142 (E.D. Ky 2007).

In addition, the Eastern District of Kentucky has held that since these allegations are constitutional in nature, and since they also attack the imposition of a conviction, that they can only be brought pursuant to 28 U.S.C. §2255 and not pursuant to 28 U.S.C. §2241; as they are 28 U.S.C. §2255 cases, they are subject to the strict and short one-year-long statute of limitations contained in the text of 28 U.S.C. §2255 itself.  The Eastern District of Kentucky has held that even assuming, just for the sake of argument, that these allegations were accurate, that the statute of limitations has expired on all of these cases. Mullican v. Stine, 2007 WL 1193534 (E.D. Ky 2007); Campbell v. Gonzalez, 2007 WL 1035021 (E.D. Ky 2007); Goncalves v. Gonzalez, 2007 WL 628142 (E.D. Ky 2007). Accord, Jones v. Unknown Warden, 2006 WL 1459841 (E.D. Mo 2006).

Judge Katz also held in Risquet that even assuming, just for the sake of argument, that these allegations concerning the events of June 25, 1948 were true, that that would merely mean that the predecessor statute to 18 U.S.C. §3231 were still in effect, and this predecessor statute unmistakably grants the same type of jurisdiction upon federal district courts.  Accord, United States v. Lawrence, 2006 WL 250702 (N.D. Ill. 2006).

Legal research has disclosed no circuit court decision regarding this argument; however, this order reflects the findings of Judge Katz in Risquet, and all of the other eight

federal district courts that considered this matter[1] reached the exact same conclusion.  This court can only conclude that this story about the events of June 25, 1948 is a hoax.

Accordingly, this                              day of November, 2007, it is hereby

**ORDERED** that petitioner is granted ***provisional*** leave to proceed in forma pauperis in this matter for the purpose of this Order only, and, it is further

**ORDERED** that this civil action is **DISMISSED WITH PREJUDICE**, and, it is further

**ORDERED** that the Clerk of this Court shall mark this matter as **CLOSED**.


**s/ LAWRENCE F. STENGEL**
**LAWRENCE F. STENGEL, U.S. District Judge**

---

[1]Kansas, Texas(N), Texas(E), Florida(M), Illinois(N), Texas(S), Kentucky(E), Missouri(E).